GARCIA, Judge (dissenting). {38} I respectfully dissent in this case. Storm Ditch argues that the State Engineer was statutorily required to reject the original application because the Applicants failed to comply with the statutory obligations set forth in Sections 72-5-3 and 72-5-24.1(C). See Truong v. Allstate Ins. Co., 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (“[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.” (internal quotation marks and citation omitted)). Both of these statutory sections utilize the mandatory language “shall” when dealing with the obligations placed upon the Applicants. See Marbob Energy Corp. v. N.M. Oil Conservation Comm’n, 2009-NMSC-013, ¶ 22, 146 N.M. 24, 206 P.3d 135 (“It is widely accepted that when construing statutes, ‘shall’ indicates that the provision is mandatory, and we must assume that the Legislature intended the provision to be mandatory absent a[] clear indication to the contrary.”). Section 72-5-3 states that “[i]f the application is defective as to form, ... it shall be returned with a statement of the corrections, amendments or changes required[.]” Section 72-5-24.1(C) requires that the Applicants “shall submit to the state engineer along with the application an affidavit provided by the commissioners of the acequia or community ditch.” {39} Because the Applicants failed to submit the required affidavit with their original application, the mandatory language required the application to be rejected by the State Engineer and returned to the Applicants for correction and refiling. This application procedure was not followed, and the majority failed to establish a proper basis for disregarding this statutory requirement. As a result, the Applicants should have been required to restart the application process anew when they failed to submit the required affidavit, and their application should not have been processed or approved. The secondary issues of notice and publication only apply to a correctly filed application. These secondary issues need not be reached for a defective application that is statutorily required to be rejected and returned for refiling. As a result, I would have reversed and remanded the approval of the application and required the Applicants to refile a new application with the State Engineer.